# EXHIBIT C



**Gregory M. Saylin**
Partner
**Phone** 801.799.5973
gmsaylin@hollandhart.com

February 4, 2022

<u>**VIA EMAIL AND EXPRESS MAIL**</u>

Matt Furie
PegzDAO
1665 12th Street
Los Osos, CA 93402
*matthewsurie@att.net*

Frank Musarra
Chain/Saw
122 Eagle St. #3
Brooklyn, NY 11222
*frank_musarra@yahoo.com*
*f_musarra@yahoo.com*
*frank_musarra@hotmail.com*
*mrolik@yahoo.com*
*framus36@att.net*

<u>**CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE**</u>

**Re:**   *Halston Thayer v. Matt Furie et al.*

Dear Messrs. Furie and Musarra, and PegzDAO and Chain/Saw:

This office represents Halston Thayer with respect to his claims against Mr. Furie, Mr. Musarra, PegzDAO, and Chain/Saw (collectively, "you"). It is our understanding that Mr. Furie is the owner of PegzDAO and Mr. Musarra is the owner of Chain/Saw.

We have learned that, on October 6, 2021, Mr. Thayer purchased from you at auction a non-fungible token ("NFT") of Rare Pepe Card "FEELSGOODMAN", Series 20, Card 50 by Mr. Furie (the "Card"), for 150 Etheruem ("ETH"). As discussed below, we have evidence that you, acting in concert with each other, engaged in unlawful activity – a fraudulent "pump and dump" scheme – in connection with this transaction with Mr. Thayer, including but not limited to fraudulent inducement / intentional misrepresentation, negligent misrepresentation, and breach of contract.

T 801.799.5800   F 801.799.5700
222 South Main Street, Suite 2200, Salt Lake City, UT 84101-2194
www.hollandhart.com

Alaska    Montana       Utah
Colorado  Nevada        Washington, D.C.
Idaho     New Mexico    Wyoming



Messrs. Furie and Musarro,
and PegzDAO and
Chain/Saw
February 4, 2022
Page 2

We are writing on behalf of Mr. Thayer to give notice that Mr. Thayer hereby elects to rescind the contract for the Card pursuant to California Civil Code section 1689(b)(1),[1] and to formally demand that you refund Mr. Thayer the value of 150 ETH as of close of October 6, 2021, which is $537,084.00; in exchange, Mr. Thayer hereby tenders the Card back to you. *See* California Civil Code section 1691. If you have an attorney, please forward this letter to him/her and do not respond to me directly.

### BRIEF FACTUAL BACKGROUND

The following facts are based on our review of the evidence currently available to us. On October 6, 2021, you auctioned the Card, advertising the following: "500 cards issued, 400 burned, 99 will remain in the PegzDAO, and ONE is being auctioned here." *See* **Exhibit A**. The wording in this advertisement is clear: only "ONE" of these ultra-rare digital cards would be in circulation, making it very valuable to the eventual owner. You confirmed this when, in response to someone claiming that he "got a buddy gettn 3 from his pegz," you tweeted "[t]his is not correct. 1 RP card to 1 member of PegzDAO. rest are being held indefinitely. happy bidding!" *See* **Exhibit B**.

Relying on these representations, Mr. Thayer participated in the auction and won the Card for 150 ETH (valued at the time at $537,084.00). Just *two days* later, on October 8, 2021, contrary to your previous representations that the remaining 99 NFTs were "being held indefinitely" "in the PegzDAO," you announced that you would release 46 more NFTs of the Card (for free), which significantly devalued Mr. Thayer's Card. On October 24, 2021, you released the 46 NFTs. By doing so, Mr. Thayer's Card is now valued at less than $30,000.00, when you led him to believe that the Card could potentially be worth millions of dollars.

Furthermore, as of January 31, 2022, 45 more NFTs of the Card are listed for sale on OpenSea. *See* **Exhibit C**. This is yet another breach of your agreement with Mr. Thayer that will further devalue Mr. Thayer's Card.

In sum, you have engaged in a transparent "pump and dump" scheme. You spread false and misleading information to create a buying frenzy that "pumped" up prices and the perceived value of the NFTs, only to then "dump" the remaining NFTs at deflated prices.

/ / /

/ / /

---

[1] We reference California law as an example and without indicating which state law is applicable to these claims.



## MR. THAYER'S CLAIMS AGAINST YOU

Based on the available evidence, you, acting in concert with each other, have engaged in unlawful conduct, including but not limited to fraudulent inducement / intentional misrepresentation, negligent misrepresentation, and breach of contract.

"A complaint for fraud must allege the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1816. Alternatively, "[w]here the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit." *Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 407. Here, you made false statements—*i.e.* that PegzDAO would be holding the remaining 99 NFTs "indefinitely." You either knew this was false or had no reasonable ground to believe this was true. You intended to induce reliance—*i.e.* potential buyers would be more likely to bid higher amounts if they believed the auctioned NFT would be the only one in circulation. Mr. Thayer justifiably relied on your statements, and incurred damages as a result of your misrepresentations. As such, Mr. Thayer has a valid claim against you for intentional misrepresentation or, at the very least, for negligent misrepresentation.

"To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186. Here, the parties had a contract: Mr. Thayer agreed to purchase the Card from you for 150 ETH, and you agreed to produce the Card and hold the remaining 99 NFTs "indefinitely." Mr. Thayer paid the 150 ETH, and you breached the agreement by not holding the remaining 99 NFTs "indefinitely." Mr. Thayer suffered damages as a result of this breach. As such, Mr. Thayer has a valid claim against you for breach of contract.

This is not a complete or exhaustive list of each potential cause of action Mr. Thayer has against you. Other potential causes of action include, but are not limited to, violation of the California Consumers Legal Remedies Act (Cal. Code Civ. Proc. §1770); aiding and abetting (California common law); unjust enrichment/restitution (California common law); and violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code §17200).

## LITIGATION HOLD: DUTY TO PRESERVE DOCUMENTS AND INFORMATION

This letter is also formal notice to you of your current and ongoing obligation to preserve documents, information, and materials that may be relevant to the issues and claims contained in this letter. This is a formal notice to impose a litigation hold to prevent the destruction of documents. Note that courts have become increasingly exacting in applying new and existing



Messrs. Furie and Musarro,<br>
and PegzDAO and<br>
Chain/Saw<br>
February 4, 2022<br>
Page 4

standards that require the preservation of both paper documents and electronically stored information, including emails and text messages which may be relevant to litigation. Generally, upon either reasonable anticipation or actual notice of litigation, a party to litigation has a duty to take affirmative steps to preserve all potentially relevant evidence. Many courts have imposed sanctions in cases where a party has failed to do so.

The duty to preserve potentially relevant evidence is broad. It applies not only to paper documents, but also to electronically stored information, including but not limited to, e-mails, word processing documents, spreadsheets, databases, calendars, voice mail, Internet usage files, and network access information. Until further notice, please preserve documents and information related to this matter, notwithstanding any normal practice that you may employ regarding the destruction of documents and information. Please take all necessary steps to immediately preserve all relevant documents, including electronic documents and emails in your possession related to issues and claims contained in this letter.

## **CONCLUSION**

Based on the foregoing, Mr. Thayer hereby elects to rescind the contract for the Card pursuant to California Civil Code section 1689(b)(1), and we formally demand that you refund Mr. Thayer the value of 150 ETH as of close of October 6, 2021, which is $537,084.00; in exchange, Mr. Thayer hereby tenders the Card back to you. Otherwise, we will promptly file and serve a complaint and litigation will ensue.

Please contact me if you wish to discuss this matter further. My phone number is (801) 799-5973, and my email address is gmsaylin@hollandhart.com.

Very truly yours,

*/s/ Gregory M. Saylin*

Gregory M. Saylin
Partner
of Holland & Hart LLP

Enclosure

18145811_v2

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C











